## ABUSE OF DISCRETION IN REQUIRING A NEW SIDEWALK.

### Court of Appeals for Hamilton County.

#### LOUISA F. B. LIVINGSTON v. CITY OF CINCINNATI.

#### Decided, April 12, 1915.

*Municipal Corporations—Order to Tear up Brick Sidewalk and Replace It with Cement Unreasonable and May be Enjoined, When.*

Where a brick sidewalk constructed at the cost of the property owner in conformity with specifications of the city is in good condition and fully answers the demands of public travel it is an abuse of discretion on the part of council to require that it be taken up and a cement sidewalk laid in its place.

*Pogue, Hoffheimer & Pogue,* for plaintiff.
*Walter M. Schoenle* and *Saul Zielonka,* contra.

JONES (Oliver B.), J.; JONES (E. H.), P. J., and GORMAN, J., concur.

The council of a municipality is vested with the discretionary power to determine and provide for the improvement and repair of sidewalks (Sections 3582 to 3870, General Code). Courts have no supervisory control, and will not interfere with the action of council in its determination as to such improvement and repairs, unless a manifest abuse of its discretion is shown.

In this case it appears from the evidence that plaintiff now has in front of her property fronting 155 feet on West Sixth street a brick sidewalk which was constructed at her expense and conforms to the specifications of the city for such sidewalks, and is now in good condition except in some minor particulars which can be repaired at slight cost, and that said sidewalk now corresponds with brick sidewalks laid in that portion of the city, and with slight repairs will fully answer all requirements for some time to come. The city council by sidewalk resolution No. 2723 has provided that sidewalks be constructed "by paving with cement full width and repairing when necessary in accordance with the specifications therefor on file in the office of the department of public service." The specifications in the above resolution were not introduced in evidence, but this resolution which is not explicit as between construction and repairs, has been construed by the parties as requiring the present brick sidewalk to be torn up and in its place a new cement sidewalk to be constructed on the entire front of plaintiff's property.

There is no question but that a cement sidewalk is generally regarded as much better than brick, but when, as in this case, the brick sidewalk is in good condition, fully answering all the demands of public travel, it would be an abuse of discretion to require the destruction of plaintiff's brick sidewalk and the construction of a cement walk in its place. Plaintiff should be permitted to repair the brick sidewalk in the minor particulars shown necessary by the evidence, and the construction of the cement sidewalk will be enjoined.